**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| LISA D. VAUGHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: 3:10-cv-00620 |
| CMH HOMES, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VANDERBILT MORTGAGE & | ) | |
| FINANCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF<br>MOTION TO COMPEL ARBITRATION AND RULE 12(b)(1) MOTION TO DISMISS</u>

The defendants, CMH Homes, Inc. ("CMH Homes") and Vanderbilt Mortgage & Finance, Inc. ("Vanderbilt"), by counsel, hereby file this Memorandum of Law in Support of Motion to Compel Arbitration and Rule 12(b)(1) Motion to Dismiss without waiving the Defendants' Rule 12(b)(6) Motion to Dismiss.   In support thereof, the defendants state as follows:

## <u>RELEVANT FACTS</u>

The plaintiff filed this action against the defendants asserting claims arising from contractual agreements (the "Contract Documents") by and between the parties for the purchase and financing of land and a manufactured home.  Among the Contract Documents, the plaintiff entered into a Manufactured Home Promissory Note, Security Agreement and Disclosure Statement that includes a mandatory arbitration provision that applies to the claims asserted by the plaintiff.   Thus, the Court lack subject matter jurisdiction over the plaintiff's action.

Additionally, pursuant to the Federal Arbitration Act, this Court should compel arbitration and dismiss or stay this lawsuit pending resolution of the arbitration proceeding.

## ARGUMENT AND AUTHORITIES

The Federal Arbitration Act ("FAA") provides, in pertinent part:

Section 2

A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, ... or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Section 3

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The FAA establishes a strong federal policy in favor of enforcing arbitration agreements. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). When a party seeking to compel arbitration proves that the parties entered into a valid arbitration agreement and the claim at issue falls within the scope of the agreement, the court should compel arbitration. *Id.*; *First Options of Chi, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).

In deciding motions to compel arbitration, courts should resolve any doubts about the arbitrability of claims in favor of arbitration. *Dockser v. Schwartzberg*, 433 F.3d 421, 425 (4th Cir. 2006). In fact, considering the FAA's provisions are mandatory, a court must compel arbitration when a valid arbitration agreement exists. *Hightower v. GMRI, Inc.*, 272 F.3d 239,

241 (4th Cir. 2001). A court's compulsion of arbitration prevents parties from ignoring their contractual commitments and rushing to court whenever the prospect of arbitration appears uninviting. *Id.* at 241-42. To allow otherwise would undermine the clear federal directive in support of arbitration. *Id.*

Virginia law, under which the contracts at issue must be construed, also favors arbitration. In Virginia, once a contract with a mandatory arbitration provision has been proven, there is a presumption in favor of arbitration. *Mission Residential, LLC v. Triple Net Properties, LLC*, 275 Va. 157, 161, 654 S.E.2d 888, 890 (2008). When a valid contract creates a duty to arbitrate, the Supreme Court of Virginia deemed it error to deny a request for arbitration. *Weitz v. Hudson*, 262 Va. 224, 228-29, 546 S.E.2d 732, 734-35 (2001).

A motion to compel arbitration requires the resolution of two questions: (1) whether a valid enforceable arbitration agreement exists between the parties, and (2) whether the dispute falls within the scope of that agreement. If both questions are answered affirmatively, as in this case, the dispute must be resolved in arbitration. *Hightower*, 272 F.3d at 242.

The agreement between the parties giving rise to this case includes multiple Contract Documents regarding the sale and financing of a manufactured home and land purchase by the plaintiff. Those Contract Documents include a contract entitled "Manufactured Home Promissory Note, Security Agreement and Disclosure Statement," which is attached as **Exhibit A**. Under that Contract Document, the plaintiff is the "Buyer," CMH Homes is the "Seller," and Vanderbilt is the "Assignee." As demonstrated therein, the plaintiff agreed that all claims arising out of the parties' dealings would be resolved through binding arbitration. In particular, it states:

> All disputes, claims or controversies arising from or relating to this contract, or the subject hereof, or the parties, including the enforceability or applicability of this arbitration agreement or provision and any acts, omissions, representations and discussions leading up to this agreement, hereto, including this agreement to

arbitrate, shall be resolved by mandatory binding arbitration by one arbitrator selected by Seller with Buyer's consent.  This agreement is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1.  Judgment upon the award rendered may be entered in any court having jurisdiction.  The parties agree and understand that they choose arbitration instead of litigation to resolve disputes.  The parties understand that they have a right to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein.  **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL.**  The parties agree and understand that all disputes arising under case law, statutory law and all other laws including, but not limited to, all contract, tort and property disputes will be subject to binding arbitration in accord with this contract.

**Exhibit A**, pp. 3-4 (emphasis in original).   Thus, the answer to the first question in the *Hightower* analysis is affirmative because an arbitration agreement exists.

The arbitration provision executed by the plaintiff is broad and encompasses "[a]ll disputes, claims or controversies arising from or relating to this contract, or the subject hereof."  The plaintiff's allegations in the Complaint concern alleged warranties related to the parties' contractual agreement.[1]  *See* Complaint, ¶¶ 5–10, 17.  With respect to the second question in the *Hightower* analysis, the plaintiff's claims fall squarely within the scope of the arbitration provision.  Consequently, this case should be referred to arbitration pursuant to the previously executed contract between the parties.

## CONCLUSION

For the foregoing reasons, the defendants, CMH Homes, Inc. and Vanderbilt Mortgage & Finance, Inc., request that this Court enter an order dismissing the Complaint or, in the alternative, staying these judicial proceedings and compelling the plaintiff to arbitrate her claims in accordance with the Manufactured Home Promissory Note, Security Agreement and Disclosure Statement, and for such other and further relief to which they justly are entitled.

---

[1] The plaintiff's actual claims and causes of action are unclear.  Therefore, the defendants have filed a Rule 12(b)(6) Motion to Dismiss.  Nevertheless, the Complaint implies that the plaintiff alleges some form of breach of warranty claim.

Respectfully submitted,

CMH HOMES, INC. and
VANDERBILT MORTGAGE & FINANCE, INC.

By:_____/s/ Eunice Austin_____
                Of Counsel

Eunice P. Austin (VSB No. 43812)
GENTRY LOCKE RAKES & MOORE LLP
800 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia  24022-0013
Telephone:  (540) 983-9300
Facsimile:  (540) 983-9400
Email: eunice_austin@gentrylocke.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2010, I served the plaintiff's counsel by facsimile and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James E. Ghee, Esq.
Williams, Luck & Williams
P. O. Box 345
Farmville, VA  23901-0345
Facsimile:  (434) 315-0297

*Counsel for Plaintiff*

_____/s/ Eunice Austin_____

16352/21/3422091v2