IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LISA D. VAUGHAN, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No.: 3:10-cv-00620 |
| CMH HOMES, INC. | ) |
| and | ) |
| VANDERBILT MORTGAGE & FINANCE, INC., | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
RULE 12(b)(6) MOTION TO DISMISS**

The defendants, CMH Homes, Inc. ("CMH Homes") and Vanderbilt Mortgage & Finance, Inc. ("Vanderbilt"), hereby file, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Memorandum of Law in Support of their Rule 12(b)(6) Motion to Dismiss the Complaint without waiving the Defendants' Motion to Compel Arbitration and Rule 12(b)(1) Motion to Dismiss.  In support thereof, the defendants state as follows:

**RELEVANT FACTS**

The plaintiff's Complaint fails to provide adequate information regarding the true nature of the claims alleged against the defendants.  The Complaint contains no counts and fails to state the statutory or common law basis for any claim for damages against the defendants.  The Complaint fails to provide adequate information regarding any cause of action giving rise to the plaintiff's claim for damages against the defendants.  The Complaint fails to provide adequate information regarding any legal theories upon which the plaintiff bases her claim against the

defendants. The bulk of the Complaint attempts to state a claim for breach of warranty, but it does not state the types of warranties allegedly breached by the defendants.

The plaintiff has failed to state a claim upon which relief can be granted against either defendant. She attached to the Complaint certain documents, some of which include a warranty between the plaintiff and CMH Homes, but the plaintiff failed to provide any allegations demonstrating any warranty with Vanderbilt. Furthermore, the plaintiff failed to allege how the warranty for the manufactured home attached to the Complaint related to an allegedly dry well on the plaintiff's land.

In the *ad damnum*, the plaintiff demands $100,000, but she has failed to provide any factual allegations supporting the unliquidated amount demanded.

The plaintiff also has failed to state any claim for attorney's fees. On its face, the Complaint fails to state a basis that would permit recovery of attorney's fees from the defendants in this litigation. *See Tonti v. Akbari*, 262 Va. 681, 685, 553 S.E.2d 769, 771 (2001) (holding that the "general rule in this Commonwealth is that, in the absence of a provision in a statute, rule, or contract to the contrary, a trial court may not award attorney's fees to a party merely on a basis of that party's having prevailed upon an issue or cause"). The Complaint fails to include any allegation identifying the basis for the plaintiff's demand for attorney's fees.

## ARGUMENT AND AUTHORITIES

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts must assess the legal sufficiency of a claim by accepting as true the well-pleaded factual allegations set forth in the complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2002). The Court may grant a Rule 12(b)(6) motion to dismiss when a complaint fails to

include sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007) (citations omitted).

The Supreme Court of the United States held in *Ashcroft v. Iqbal* that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 129 S. Ct. at 1949. A complaint is insufficient if it offers only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted.) Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Legal conclusions "must be supported by factual allegations." *Id.* at 1950. Also, the assertion that facts can be developed in discovery does not satisfy the pleading standard. When a complaint is factually deficient, a plaintiff is not entitled to discovery "cabined or otherwise." *Id.* at 1954.

The plaintiff's Complaint does not contain the requisite factual matter to state a claim for relief that is plausible on its face. As a result, this Court should dismiss the Complaint in its entirety for its factual deficiency pursuant to the well-settled law.

**CONCLUSION**

For the foregoing reasons, the defendants CMH Homes, Inc. and Vanderbilt Mortgage & Finance, Inc., request that this Court enter an order dismissing the plaintiff's Complaint, and for such other and further relief to which they justly are entitled.

        Respectfully submitted,

        CMH HOMES, INC. and
        VANDERBILT MORTGAGE & FINANCE, INC.


        By:     /s/ Eunice Austin
                Of Counsel

Eunice P. Austin (VSB No. 43812)
GENTRY LOCKE RAKES & MOORE LLP
800 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia  24022-0013
Telephone:  (540) 983-9300
Facsimile:  (540) 983-9400
Email: eunice_austin@gentrylocke.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of September, 2010, I served the plaintiff's counsel by facsimile and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        James E. Ghee, Esq.
        Williams, Luck & Williams
        P. O. Box 345
        Farmville, VA  23901-0345
        Facsimile:  (434) 315-0297

        *Counsel for Plaintiff*


            /s/ Eunice Austin